UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOTTIS LAMAR LIPSEY,

    *Plaintiff*,

v.

74th JUDICIAL CIRCUIT COURT,
and GOWER LAW,

    *Defendants.*[1]

_____/

CASE NO. 1:22-cv-10471

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SCREENING OF THE COMPLAINT

**I.  RECOMMENDATION**

For the reasons set forth below, **I RECOMMEND** that the case be *sua sponte* **DISMISSED**.

**II.  REPORT**

    **A.  Introduction**

On February 25, 2022, Plaintiff Dottis Lamar Lipsey filed the instant *pro se* complaint against two defendants. (ECF No. 1). On March 8, 2022, U.S. District Judge Thomas L. Ludington referred all pretrial matters to the undersigned Magistrate Judge. (ECF No. 4.) Plaintiff applied to proceed *in forma pauperis* (IFP) (ECF No. 2) and his application was granted on March 8, 2022. (ECF No. 5.)

---

[1] Plaintiff Lipsey is also an alleged Counter-Defendant and Gower Law is an alleged Counter claimant.

In his complaint, Plaintiff does not provide a specific statute for his alleged federal question jurisdiction, but refers vaguely to "fraud, violating due process, impersonating government, violation of rights, tampering with evidence, [and] using unlawful instruments to extort" as his basis for jurisdiction. (ECF No. 1, PageID.3.) Plaintiff alleges that the amount in controversy is "1.5 million" dollars based on the following allegations: "the defendants [have] used color of Law & Christian Black Codes On plaintiff to extort Him Of His Birthrights And [Estate] Impersonating as government knowing their [sic] hasn't been any lawful courts since 1789." (*Id*. at PageID.4.) Plaintiff provided a brief statement of his claim in the form of a numbered list:

1. Theft of Birthright And Estate Using Color of Law and Christian Black Codes For Extortion. 2-17-22 Small claims letter.
2. Interacting With human Flesh When Are A private Corporation dead entity doing unlawful [business] as a corrupt entity. 2-17-22 Small claims letter.
3. Tampering with evidence after written Motion Letter Was Sent. 2-22-22 Written Motion letter Sent to Bay County 74th judicial District Courts Not Acknowledged.
4. impostering [sic] as government

(*Id*. at PageID.4.) In terms of relief, Plaintiff seeks "1.5 million in damages for fraud, violation of Rights, Extortion, Impersonating Government, tampering with evidence Signature used Without My Consent created [profits] That I Knew Nothing About Resulting In The Theft Of Birthright And Estate using Unum Sanctam policies and Christian Black Codes for Extortion That I was Unknown Of Until Now." (*Id*. at PageID.4.)

B. **Governing Law**

2

Plaintiff proceeds IFP, subjecting his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Since 1892, federal courts have possessed statutory power to permit civil actions IFP. *See Bruce v. Samuels*, 577 U.S. 82, 85 (2016). That power, presently codified at 28 U.S.C. § 1915, is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure that requires the court to *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**C. Analysis**

Rule 8(a) requires a plaintiff to file a complaint that sets forth "a short and plain statement of the claim . . . ." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." A complaint must contain more than legal labels, conclusions, or a recitation of the elements of a cause of action, and it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Here, Plaintiff does not satisfy even this low threshold for a complaint. In the complaint, Plaintiff does not name either of the listed defendants as being involved in any of the alleged behavior—it is impossible to know which defendants are alleged to have committed what acts. (*See* ECF No. 1, PageID.4.) Further, Plaintiff does not allege any facts—he only asserts legal conclusions that evidence was tampered with, or that a dead entity corporation was impersonating (or "impostering") as government, or that his birthright was stolen. Plaintiff does not describe any actual action that any Defendant took or how those actions amounted to any violation of federal law or the United States Constitution. Indeed, the entirety of Plaintiff's complaint has been laid out above in the section of this Report entitled "Introduction"—there is very little substance and I suggest that it does not pass muster under Rule 8. See, *Payne v. Klida*, 2016 WL 491847, at *3 (E.D. Mich. Jan. 6, 2016)(allegations that the State of Michigan or the United States are corporations are frivolous); *Glenn-Lopez v. Mangrum*, 2019 WL 2537661, at *6-7 (W.D. Tenn. Jan. 31, 2019)(conclusiory allegations of fraud or malfeasance through impersonation or forgery are insufficient to plead a Section 1985 claim). Even construing the

4

complaint liberally as Plaintiff proceeds *pro se*, *Haines*, 404 U.S. at 520 (1972); *Wells,* 891 F.2d at 594, I suggest that the complaint in its present form does not state a claim under which relief may be granted and should be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

      **D.**    **Conclusion**

For these reasons, I recommend the complaint be *sua sponte* **DISMISSED**.

**III.**    <u>**REVIEW**</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it

5

pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 29, 2022                                S/ PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge